IN THE DISTRICT COURT OF THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ROPELLA GROUP, INC.,    CASE NO.:

    Plaintiff,

vs.

LOPAREX LLC,

    Defendant.
_____ /

## COMPLAINT

Plaintiff, ROPELLA GROUP, INC. d/b/a The Ropella Group ("Ropella"), sues Defendant, LOPAREX LLC ("Loparex"), and alleges:

### Jurisdiction & Venue

1. This is an action for damages in excess of $75,000.00, exclusive of interest, costs, and attorneys' fees.

2. Ropella is a Florida corporation with its principal place of business in Santa Rosa County, Florida.

3. Loparex is a foreign corporation with its principal place of business in North Carolina.

4. Loparex is subject to jurisdiction in Florida because, as set forth below, it breached a contract in Florida by failing to perform acts required by the contract to be performed in Florida and because it engaged in substantial and not isolated activity within this Florida.

5. Venue is proper in Santa Rosa County, Florida pursuant to the contract between the parties and because that the cause(s) of action set forth below accrued in Santa Rosa County, Florida.

6. Jurisdiction is appropriate in this Court because the parties are diverse pursuant to 28 U.S.C. § 1332.

## General Allegations

7. Ropella is a leading third-party recruiter for the businesses in the chemical, consumer products, and technology industries.

8. Ropella identifies and places candidates at businesses in the chemical, consumer products, and technology industries.

9. Ropella is paid by the business organization that accepts candidates it has placed.

10. Loparex is a business in the chemical, consumer products, and technology industries.

11. On August 31, 2020, Ropella and Loparex entered into a Consulting Agreement (the "Agreement"), under which Ropella was retained to search and locate certain employees for Loparex, including for its position of Chief Talent/Culture Officer. A copy of the Agreement is attached as Exhibit 1.

12. Among other things, the Agreement provides:

    a. Ropella was granted the exclusive rights to conduct a search assignment for Loparex;

    b. Loparex agreed to pay a Consulting Fee;

    c. Loparex agreed to pay a Consulting Fee for any alternative candidates or placements that occurred within a certain period of time.

13. Ropella located and submitted Charmaine Riggins to Loparex for the Chief Talent/Culture Officer position. Loparex hired Ms. Riggins and paid Ropella its Consulting Fee.

14. Ms. Riggins subsequently became the Chief Executive Officer of Loparex.

15. Loparex again reached out to Ropella and asked it to attempt to locate a Chief Talent/Culture Officer.

16. Ropella then located Katelyn Hokenberg and submitted Ms. Hokenberg to Loparex in December of 2021.

17. Loparex hired Ms. Hokenberg as its new Chief Talent/Culture Officer. This time, however, Loparex failed and refused to pay Ropella its Consulting Fee.

18. To date, Loparex has failed to pay any compensation to Ropella for its work.

19. All conditions precedent to bringing this action have been performed, have occurred or have been waived.

## Count I
**(Breach of Contract)**

20. This is an action for breach of contract.

21. Ropella re-alleges and incorporates by reference paragraphs 1 through 18 above.

22. Ropella and Loparex entered into the Agreement.

23. Loparex materially breached the Agreement by failing to pay Ropella the Consulting Fee.

24. As a direct and proximate result of Loparex's breaches of the Agreement, Ropella suffered damages.

Wherefore, Ropella demands judgment against Loparex for damages, attorneys' fees, costs, interest, and any other and further relief that is just and proper.

## Count II
**(Breach of Contract—Implied in Fact)**

25. This is an action for breach of contract implied in fact in alternative to Count I.

26. Ropella re-alleges and incorporates by reference paragraphs 1 through 18 above.

27. Based on the conduct of the parties, Ropella and Loparex entered into a contract.

28. The parties conduct was intentional, and each knows, or under the circumstances should know, that the other party understood the conduct as creating a contract.

29. Ropella performed recruiting services for Loparex understanding that Ropella would be owed and paid compensation.

30. Loparex knew, or under the circumstances should have known, that Ropella performed recruiting services for Loparex understanding and under the expectation that Ropella would be paid compensation if Loparex hired a candidate submitted by Ropella.

31. In connection with Ropella's services, Loparex hired Hokenberg.

32. Loparex did not pay Ropella any compensation.

33. Loparex materially breached its contract with Plaintiff by failing to pay Ropella any compensation.

34. As a direct and proximate result of Loparex's breaches of the contract, Ropella suffered damages.

Wherefore, Ropella demands judgment against Loparex for damages, costs, interest, and any other and further relief that is just and proper.

## Count III
### (Breach of Contract—Implied in Law)

35. This is an action for breach of contract implied in law in alternative to Count I.

36. Ropella re-alleges and incorporates by reference paragraphs 1 through 18 above.

37. Ropella gave a benefit to Loparex by performing recruiting services for Defendant and submitting candidates to Loparex.

38. Loparex knew that Ropella was performing recruiting services for Loparex and submitting candidates to Loparex.

39. Loparex accepted and retained the benefit of Ropella's services.

40. In connection with Plaintiff's services, Loparex hired Hokenberg

41. The circumstances are such that Loparex should, in all fairness, be required to pay for the benefit.

42. As a direct and proximate result of Loparex's actions, Ropalla suffered damages.

Wherefore, Ropella demands judgment against Loparex for damages, costs, interest, and any other and further relief that is just and proper.

## DEMAND FOR JURY TRIAL

43. Ropella demands a jury trial on all issues so triable.

Dated: May 16, 2022.

**MORGAN & MORGAN, P.A.**
*Business Trial Group*

*/s/ Benjamin A. Webster*
**Cory S. Simmons**
Florida Bar No. 42301
191 Peachtree Street NE Ste. 4200
Atlanta, GA 30303191
Telephone: (404) 965-1629
Facsimile: (404) 720-3782
Email: CSimmons@forthepeople.com
Email: DRoberts@forthepeople.com

- and -

**Benjamin A. Webster**
Florida Bar No. 0045167
20 N. Orange Ave, Suite 1600
Orlando, Florida 32801
Telephone: (407) 420-1414
Facsimile: (407) 245-3337
Email: BWebster@forthepeople.com
*Attorneys for Plaintiff*

5